UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 19 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

---

TARSHA B.,

                Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

20-CV-01571-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.  (Dkt. No. 14)

Plaintiff Tarsha B.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act").  Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the following reasons, Plaintiff's motion (Dkt. No. 10) is granted, defendant's motion (Dkt. No. 12) is denied, and the case is remanded for further administrative proceedings.

---

[1] In accordance with the District's November 18, 2020, Standing Order, Plaintiff is identified by first name and last initial.

**BACKGROUND**[2]

Plaintiff filed for DIB on May 29, 2014, alleging a disability onset date of February 5, 2014. (Administrative Transcript ["Tr."] 320-21). The application was initially denied on September 11, 2014. (Tr. 270-74). Plaintiff timely filed a request for an administrative hearing. (Tr. 276-88). Following a hearing on February 9, 2017, the Administrative Law Judge ("ALJ") then-assigned to the case issued an unfavorable decision on June 9, 2017. (Tr. 53-74, 78-124, 1196-1217). On June 29, 2018, the Appeals Council ("AC") denied Plaintiff's request for review. (Tr. 1218-24). On August 24, 2018, Plaintiff appealed to this Court. (Tr. 1225-63). On November 6, 2019, this Court remanded the case for further proceedings, and on January 10, 2020, the AC issued a remand order, remanding the case to a different judge. (Tr. 1264-72, 1274-78). On June 8, 2020, a telephone hearing was held before ALJ Mary Mattimore. (Tr. 1139-95). The Plaintiff testified and was represented by counsel. A vocational expert also testified. The ALJ issued an unfavorable decision on July 24, 2020. (Tr. 1111-38). This action followed.

**DISCUSSION**

I.    *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the]

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.    _Standards for Determining "Disability" Under the Act_

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."   42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).   The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."   _Id._ §§423(d)(2)(A), 1382c(a)(3)(B).   The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience."   _Dumas v. Schweiker_, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting _Miles v. Harris_, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process."   20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).   First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity."   _Id._ §§404.1520(b), 416.920(b).   If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience."   _Id._ §§404.1520(b), 416.920(b).   Second, if the claimant is not engaged in substantial gainful

- 4 -

activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c).  To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c).  As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations.  *Id.* §§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past

relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from February 5, 2014, her alleged onset date, through June 30, 2017, her last-insured date. (Tr. 1117). At step two, the ALJ found that Plaintiff had the following severe impairments: mild cervical spondylosis; cervical radiculopathy; Myasthenia Gravis; left eye cranial palsy; strabismus; and depressive disorder. (Tr. 1117). At step three, the ALJ concluded that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 1117-1120). Prior to proceeding to step four, the ALJ determined that Plaintiff retains the following RFC:

> Through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), because the claimant was able to lift and/or carry ten pounds occasionally and less than ten pounds frequently, stand and/or walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday. The claimant was able to occasionally balance and occasionally reach overhead bilaterally. The claimant's vision was limited to book print, and she required two unscheduled breaks per day of approximately three to five minutes each (in order to rest her eyes). In addition, the claimant was able to perform a low-stress job, defined as simple, routine work with one to two steps, simple workplace decisions, and no production-rate pace (*i.e.*, assembly-line work). The claimant was able to tolerate occasional interaction with co-workers and the public, but she was unable to engage in tandem or teamwork; the claimant was also able to tolerate minimal changes in workplace processes and settings.

(Tr. 1120-26).  At step four, the ALJ found that, through the date last insured, Plaintiff was unable to perform any past relevant work. (Tr. 1126).  At step five, the ALJ found that, through the date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 1127-28).  Accordingly, the ALJ determined that Plaintiff was not under a disability from February 5, 2014, her alleged onset date, through June 30, 2017, her last-insured date.  (Tr.1128).

IV.    *Plaintiff's Challenge*

Plaintiff argues that the case should be remanded because the ALJ improperly evaluated the medical opinion evidence of Plaintiff's treating physician, Dr. Nyathappa Anand, M.D.  The Court agrees.

The "treating physician rule" "requires the ALJ to give 'controlling weight' to the opinion of a claimant's treating physician regarding 'the nature and severity of [the claimant's] impairment(s) . . . [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

evidence in [the] case record.'"[3] *Piatt v. Colvin*, 80 F.Supp.3d 480, 491 (W.D.N.Y. 2015), quoting 20 C.F.R. § 404.1527(c)(2).  If an ALJ chooses not to afford a treating physician's opinion controlling weight, the ALJ must consider various factors to determine what weight to assign such opinion. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). These factors are: (1) examining relationship; (2) treatment relationship; (3) supportability; (4) consistency; (5) specialization; and any other relevant factors. 20 C.F.R. § 404.1527(c). While an ALJ does not have to "'explicitly' analyze these factors, the ALJ needs to apply the substance of the rule and provide good reasons for the assigned weight." *Halloran*, 362 F.3d at 32.

The Second Circuit has consistently instructed that the failure to provide good reasons for not crediting the opinion of a plaintiff's treating physician is a ground for remand. *Estrella v. Berryhill*, 925 F.3d. 90, 98 (2d Cir. 2019) ("although substantial evidence supports the ALJ's decision at step one to assign less-than-controlling weight to Dr. Dron's opinion, the same is not true of its decision at step two to assign "little weight" thereto… First, a number of treatment notes not cited by the ALJ reflect a more serious impairment than the ALJ acknowledged."); *see Schaal v. Apfel*, 134 F.3d 496, 503-05 (2d Cir. 1998); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (The failure to provide "'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand."); *Halloran,* 362 F.3d at 33 ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating

---

[3] New regulations regarding the evaluation of medical evidence and rescission of Social Security Rulings 96-2p, 96-5p, 96-6p, and 06-03p, took effect for applications/claims filed on or after March 27, 2017. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Plaintiff's application was dated May 29, 2014.  Consequently, these changes were not in effect at the time of the ALJ's decision in this case and the 2015 version of the regulations apply to this case.

physician['s] opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."); *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) ("The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant."); *see also Dahn v. Comm'r of Soc. Sec.*, No. 18-CV-327P, 2019 WL 4072661, *4 (W.D.N.Y. Aug. 29, 2019)("The ALJ's failure to acknowledge that [treating physician] was a specialist, or that he provided regular, ongoing treatment for [plaintiff's] migraines leads me to conclude that the ALJ likely overlooked or ignored the bulk of [treating physician's treatment notes.]"); *Merkel v. Comm'r of Soc. Sec.*, 2018 WL 6438944 *1, *5 (W.D.N.Y. Nov. 28, 2018) (the ALJ was "required to explain why he has not adopted certain medical opinions, particularly those given by a plaintiff's treating physician for important functions such as walking and standing…" where Plaintiff had gone through several knee surgeries); *Chalk v. Berryhill*, No. 16-cv-6494, 2017 WL 4386811, *11 (W.D.N.Y. Sept. 29, 2017)("Because the ALJ failed to set forth comprehensive reasons for rejecting plaintiff's treating physicians' opinions here, the denial of benefits was not supported by substantial evidence."); *Cordero v. Colvin*, No. 1:15-cv-00845(MAT), 2016 WL 6829646, *5 (W.D.N.Y. Nov. 21, 2016)( remanded where "none of the regulatory factors support a decision not to afford controlling weight to [treating physician].").

When the treating physician's opinion is not afforded controlling weight, the ALJ must "comprehensively set forth reasons for the weight" ultimately assigned to the treating source. *Halloran*, 362 F.3d at 32. The Second Circuit "[does] not hesitate to remand when the Commissioner's decision has not provided 'good reasons' for the weight given to a

[treating physician's] opinion and [it] will continue remanding when [it] encounter[s] opinions from [ALJs] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 33. *see Mojbel v. Comm'r of Soc. Sec.*, 385 F.Supp.3d 199 (W.D.N.Y. 2019) (A "one sentence assertion" that the treating physician opinion was inconsistent with evidence was not a "good reason" to reject treating physician's opinion.); *Colon Medina v. Comm'r of Soc. Sec.,* 351 F.Supp.3d 295 (W.D.N.Y. 2018) ("The fact that an ALJ believes that a treating source opinion should not be afforded controlling weight does not excuse him from meaningfully considering the opinion and adequately explaining his reasons for not adopting the opinion.").

In June 2014, Plaintiff's treating physician, Dr. Anand, opined in a "Medical Examination for Employability Assessment, Disability Screening, and Alcoholism/Drug Addiction Determination" that Plaintiff was very limited in walking, standing, lifting, carrying, pushing, pulling, and stairs, and that she was moderately limited in seeing and using her hands. (Tr. 1518). The ALJ did not give Dr. Anand's opinion controlling weight. Instead, she gave it only "reduced weight" because: (1) the "moderate" and "very limited" limitations included in Dr. Anand's opinion were "nonspecific;" (2) Dr. Anand noted no limitations regarding the ability to sit or engage in mental work-related activities; (3) the opinion was "vague;" and (4) the way Dr. Anand presented his opinion was "disorienting." (Tr. 1125).

The ALJ did not properly evaluate Dr. Anand's treating physician medical opinion. The ALJ did not comprehensively provide "good reasons" for discounting Dr. Anand's opinion. It is not clear to the Court what the ALJ meant by referring to Dr. Anand's opinion

as "nonspecific."   Dr. Anand clearly indicated Plaintiff's "moderate" and "very limited" limitations.   Without further explanation from the ALJ as to how the opinion was not specific enough, the Court is at a loss as to how to conduct a meaningful review.   Similarly, the ALJ's assertion that the opinion is "vague" begs the question as to how so.   Such conclusory analysis is insufficient to satisfy the treating physician rule.   *Kester v. Berryhill*, 2017 WL 5514304, *5–7 (W.D.N.Y. 2017), report and recommendation adopted, 2017 WL 5501085 (W.D.N.Y. 2017); *citing* "*See Oomen v. Berryhill*, 2017 WL 1386355, *11 (S.D.N.Y. 2017) ("[t]he ALJ afforded '[s]ome weight' to Dr. [] ... evaluation given his status as a treating source.... The ALJ concluded, however, that there was 'no support in the record' for Dr. []'s opinion [was not good reason]); *Mercado v. Colvin*, 2016 WL 3866587, *16 (S.D.N.Y. 2016) ("ALJ []'s conclusory assertion that 'scant evidence' supported a four-hour workday restriction ... does not countenance discrediting this limitation"); *Ashley v. Commissioner of Social Security*, 2014 WL 7409594, *2 (N.D.N.Y. 2014) (an ALJ's "conclusory statement about the treatment records [not supporting the treating physician's opinion] fails to fulfill the heightened duty of explanation"). [] ALJ's failure to specifically address these medical findings makes it difficult to follow his reasoning as to why the medical records did not support Dr. []'s opinion. *See Mercado*, 2016 WL 3866587 at *16." *Cited by Kester*, 2017 WL 5514304, *5–7, report and recommendation adopted, 2017 WL 5501085.

If Dr. Anand's opinion was ambiguous, insufficiently specific, too vague, or too difficult to read, then the ALJ should have recontacted Dr. Anand for clarification of his findings before discounting the weight of his opinion.   *See generally*, 20 C.F.R. § 404.1520b(b)(2)(i)(ii)(iv)); 20 CFR 404.1512 (b).   "[I]f the ALJ thought that he could not

assess [] medical source statement because it was "vague and ambiguous," [], then that created a gap in the record—a gap that the ALJ was obligated to fill by recontacting the source." *Georgia H. v. Comm'r of Soc. Sec.*, 2021 WL 22506, *5 (W.D.N.Y. 2021); *quoting Trumpower v. Colvin*, 2015 WL 162991, *14 (W.D.N.Y. 2015) (citations omitted); *Ashley v. Comm'r of Soc. Sec.*, 2014 WL 7409594, *4 (N.D.N.Y. 2014) (concluding that when a physician's opinion suffered from inconsistencies, conflicts, or ambiguities, "[t]he ALJ ought to have contacted the doctor for clarification on his conclusion").

With regards to the ALJ's statement that Dr. Anand's decision was entitled to less weight because Dr. Anand placed no limitations on Plaintiff's ability to sit, the Court finds such reasoning a *non sequitur,* as well as blatant cherry picking.   The ALJ appears to assume that "moderate" and "very limited" limitations on walking, standing and lifting, with no limitation on sitting, would be consistent with sedentary work.   However, even sedentary work requires limited walking, standing, and lifting.   The ALJ provides no explanation as to how Dr. Anand's finding of no limitation on sitting would require a rejection of the rest of his opinion.

Further, Dr. Anand found Plaintiff was moderately limited in using her hands. (Tr. 1518).   This limitation is not included in Plaintiff's RFC. "Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions." SSR 83-10. All three jobs at Step Five required frequent handling and two required frequent fingering. DOT 249.587-018; DOT 209.587-010; DOT 249.587-01). The ALJ's failure to explain why she did not account for this limitation is error.  It is reversible error for an ALJ to disregard functional limitations imposed by a physician whose opinion was given weight.  *Dioguardi v. Commissioner of Soc. Sec.*, 445 F.Supp.2d 288, 298-299 (W.D.N.Y. 2006).

"It is plainly improper for an ALJ to cherry-pick evidence that supports a finding of not-disabled while ignoring other evidence favorable to the disability claimant." *Starzynski v. Colvin*, No. 1:15-cv-00940(MAT), 2016 WL 6956404, at *3 (W.D.N.Y. Nov. 29, 2016). When the ALJ's RFC assessment conflicts with a valid medical opinion, the ALJ must explain why the opinion was not adopted. *Chmura v. Berryhill*, No. 16-CV-205-FPG, 2017 WL 1829728 at *3 (W.D.N.Y. May 8, 2017); *see also Felicia A. v. Comm'r of Soc. Sec.*, No. 20-CV-6435-FPG, 2021 WL 2153878, at *2 (W.D.N.Y. May 27, 2021) ("While purporting to give Dr. Luna's opinion some weight, the ALJ did not discuss this moderate limitation that Dr. Luna identified. For this reason, this case must be remanded."). *Valerie R. v. Comm'r of Soc. Sec.*, No. 1:19-CV-00410 EAW, 2021 WL 671597, at *4 (W.D.N.Y. Feb. 22, 2021) ("The ALJ provided no explanation whatsoever of his thought processes, and it would be improper for the Court to speculate as to the basis for his conclusions."); *Edward W. v. Comm'r of Soc. Sec.*, No. 1:19-cv-1000-DB, 2021 WL 463831, at *4 (W.D.N.Y. Feb. 9, 2021) ("Generally, an ALJ must 'reconcile discrepancies between her RFC assessment and medical source statements.'"); *McFarland-Deida v. Berryhill*, 2018 WL 1575273, *4 (W.D.N.Y. Apr. 2, 2018) (finding that "the ALJ erred when he afforded 'significant weight' to [the consulting examiner's] opinion that [the plaintiff] had mild hand limitations, but failed to explain his [implicit rejection of those mild limitations]'); *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *6 (W.D.N.Y. Aug. 25, 2015) (remand is "especially appropriate" where the ALJ gives considerable weight, "but failed to provide an explanation for not incorporating into the RFC some of the limitations identified in that opinion—particularly those that would lead to a finding of disability."). The ALJ here

provides no explanation for accepting part of Dr. Anand's opinion, while rejecting the remainder.

In sum, the Court finds that the treating physician rule was not properly applied in this case and it therefore must be remanded.  *See Rucker v. Kijakazi*, 21-621-CV; 2022 U.S. App. LEXIS 24953 (2d Cir. Sept. 6, 2022).

## <u>CONCLUSION</u>

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 12) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:     September 19, 2022
           Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge